Price, J.
Suit was brought in the name of the state of Ohio,1 on the official bond of Ephraim Ridenour,’as auditor of Paulding *394 county, and he and the sureties on his bond were joined as defendants.
The petition contains five causes of action, in each of which, misfeasance in office is charged, in that, while in office, the auditor presented to the Board of Commissioners, acounts or bills for services rendered by him, as auditor, part of which was illegal, and that he drew his warrants for the amounts he so represented to be due him, and was paid therefor out of the county funds.
It is alleged in each cause of action, that the accounts presented were for recording ditch entries made in various county ditches named — for writing notices, ditch orders and warrants; and in the third cause of action, it is further averred, that in the account therein described the auditor included charges for recording plat and profiles, and a large number of words and columns of figures, pertaining to the proceedings in the Fleck road improvement, and that parts of such charges were illegal and excessive. In each and all of the causes of action, it is alleged that a certain named amount of the account presented was legal, and a ceratin stated amount of each illegal, and that in presenting these bills and drawing his warrants for the same, he received fees in excess of the rate allowed by law, in violation of his bond, and damages are claimed to the extent of the several sums so unlawfully received.
The petition is silent as to what, if any, action was taken by the commissioners on these several bills —whether they were allowed or dis-allowed. This may be the reason why the court below overruled a demurrer to the petition, for as it stands, it, in substance, alleges that the auditor certified and presented the illegal with the legal charges, and drew his warrants for the same, and thus received the money, without stating that the bills were in any way acted upon by the Commissioners.
*395 The law does not permit the auditor to obtain his compensation in that manner, as we shall see hereafter. Cricket et al. v. The State, 18 Ohio St. p. 10-24.
The defendants answered and denied that any parts of the accounts embraced in the petition were excessive or illegal; and they set up as a substantive defense, that the bills or accounts were in good faith presented to the board of commissioners at either a regular or called session — were duly examined and allowed by them as valid claims in favor of the auditor, and that orders allowing each of them were spread upon the journal as required by law, and that when the record was thus made up, he drew his warrants for the money, and thereby obtained it from the treasury.
As to'recording plats, profiles and large columns of figures pertaining to the Fleck road improvement, the answer says this service was done under special employment by the commissioners,in making an assessment on lots in the village of Antwerp, and on other real estate, and is part of the account referred to in third cause of action.
The court below sustained a demurrer to the] defense — or rather the several similar defenses to the different causes of action, and gave judgment for the State on the bond for the amounts claimed to have been collected as illegal and excessive fees. This ruling is assigned as error here, and we have the question: Do the facts pbad in the answer make a defense to the petition? We have stated the nature of the issue at some length, in order that our conclusions may be readily understood.
It is contended by counsel for the State, that the compensation of a county auditor is fixed by sec. 1078 of Rev, Statutes, and the preceding sections of the same chapter.
The section is:
“The fees and compensation provided for by the foregoing sections, shall be in full for all services lawfully required to be done by the auditors of such counties; and it shall be un *396 lawful for any county auditor to charge or receive any other or further fees or compensation,either as clerk of any board or for any other services rendered by him.”
The chapter containing this section is the general statute prescribing the duties and services of county auditors, and provides for their compensation.
It is claimed by counsel for plaintiffs in error, that sec. 4506 of the county ditch law, governs as to fees in making most of the bills in question. That such are not the general services covered by sec. 1078; and to support this view, sec. 2775 and sec. 4064, are cited as other instances where special services therein contemplated shall have special compensation.
Now, from the character of the bills rendered and the facts of the answer admitted — that each had been, in good faith, presented to the board, and by it duly examined and allowed as a valid claim, and so recorded — what effect should such findings and orders have so long as they are not vacated by appeal, or impeached under proper averments, for fraud or collusion? Does such recorded action of the board count for anything in a suit like this?
In Sec. 894 Rev. St. it is provided that:
“No claims against the county shall be paid otherwise than upon allowance of the county commissioners, upon the warrant of the county auditor, except * * *. ”
Section 896 provides:
“If a person is aggrieved by the decision of the county commissioners in any case, such person may, within fifteen days thereafter, appeal to the next court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial * * *, and the court at their next session shall hear and determine the same, which decision shall be final. ”
This is an old statute, and has been frequently considered and construed by the courts of this state, to the effect that the board has, to some extent, a judicial function, and when *397 the auditor desires compensation, according to Sec. 1077:
“He shall make out in detail, according to the rates named in the foregoing sections, and it (his account) shall be presented to the county commissioners, who, after being satisfied that the labor has been performed, shall allow said bill or claim, and cause the same to be spread upon the minutes of the board; and after being so allowed, the county auditoria authorized to draw his warrant upon the treasurer of the county for the amount of the claim so allowed.”
Here we have a tribunal to pass on all claims against the county, except those named in sec. 894, and the way its findings and orders shall be made of record. And we have in sec. 896 the right of appeal in favor of any aggrieved party, to the court of common pleas, where a speedy trial shall-be had, and the decision is final. The appeal is from one — the primary court — to another of final jurisdiction.
If there is no appeal taken, is not the finding of the commissioners final until impeached for fraud or collusion ? They may go beyond the face of the accounts presented. While they are presumed to know the law regulating auditor’s fees in ditch and road proceedings, they may carry their investigations so far as to hear evidence and fully test the accuracy of bills, and when satisfied that they are correct, shall allow them.
In all this they act in a judicial capacity, and their orders of allowance, when spread upon the minutes, are in the nature of judgments. At least, they are the final determination of this statutory tribunal over the subject matter from which appeal will lie. For the character of the record made by the commissioners in such cases, see sec. 850 Rev. Stat. This position is strengthened by the rule frequently recognized in Ohio, that where the commissioners refuse to allow a bill or claim, the only remedy is by appeal.
In the case of John H. Stewart v. Logan Co., decided by this court and reported in 2 O. O. Rep. 134,it was held that:
*398 “Upon the refusal of the county commissioners to allow an auditor compensation for making out special road improvement duplicates, appeal to the court of common pleas is his only remedy.”
In the case of of Shepherd v. Commissioners of Darke Co., 8 Ohio St., p. 354, the supreme court of Ohio, held, that for statutory claims against a county, such as fees of officers, where the commissioners refuse to allow, the only remedy is by appeal.
The syllabus is:
“Where a claim against a county is created by statute, and to be paid by the county upon the allowance of the county commissioners, the remedy of the claimant, if not satisfied with the determination by the commissioners, is to appeal to the court of common pleas, and in such case, be cannot sue at common law. ’ ’
On page 358 the court say:
“What we hold in the present case is: Where a claim against a county is of such a nature, that but for the statute, no right of action at common law would exist on the claim against the county, the remedy prescribed by statute (appeal) must be pursued, and no cumulative remedy exists * ”
We need not stop to do more than suggest that the compensation of auditors is purely statutory.
In the case of State ex rel. Gerke v. Commissioners of Hamilton Co., 26 Ohio St., p. 64, the same doctrine is again laid down.
The principle to be deduced from these decisions is, that where the commissionners refuse to allow all or part of an auditor’s bill for compensation, such refusal is a final adjudication of his rights, unless he appeals to the court of common pleas.
If this is true when the ruling of the board is against him, it should have some legal value and force when it is in his favor.
*399 This is not an action directly attacking the orders allowing the claims on the ground of fraud or collusion — or because of fraud practiced upon the commissioners. The petition contains no such averments; but it is an action to recover back from the officer and his sureties upon his bond, in the face of the statutory record of allowance by the tribunal to which alone such claims must be presented.
We have a very pertinent case on this subject in Commissioners of Scioto Co. v. Gherry, Wright’s Rep. 493.
It was a suit brought by the then Commissioners to recover back compensation allowed by their predecessors to the county auditor, and was tried to a jury.
Wright, J., charged the jury:
“If you believe the testimony of the former commissioners, that they settled their accounts upon full examination, and allowed what was paid because they thought itno more than a reasonable compensation, then we think the defendant is entitled to your verdict.”
In disposing of the motion for new trial, the same judge, on p. 495, briefly announced the whole law supporting the charge.
The case of Commissioners v. Noyes, 35 Ohio St., 201, may be cited to same effect.
What interest has the state of Ohio in this case? None as a state. If any money is recovered in this action, it will be paid into the county treasury, because it came from that source.
The statute authorizes the commissioners to bring suits to recover monies due the county, and we think, bringing this suit in the name of the State — a nomial party merely — does not change the character of the action or deprive the bondsmen of any valid defense. And if this suit had been commenced by the commissioners, it would seem strange indeed, that against and in the face of their own recorded judgment of allowance, they could recover back parts of the bills they had allowed.
Snook & Wilcox, for Plaintiff in Error,
W. F. Corbett, for the State.
If this action on such pleadings shall prevail, then in every instance, where there has been, by mistake of law or fact, however innocently or honestly made, an item of five dollars or less, allowed in the accounts of an auditor or other officer, for compensation during his term, suits upon their official bonds would be upheld to recover back.
We cannot believe such is the law.
In our judgment, the answer states a good defense to the petition, and that the demurrer thereto should have been overruled.
The judgment is reversed, the demurrer overruled, and cause remanded for further proceedings.